UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:19-cv-14452 RLR/Becerra

JERRY L. CASEY,

    Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION ON WRIT OF HABEAUS CORPUS[1]

On, November 18, 2019, *pro se* Petitioner Jerry L. Casey filed the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (the "Petition"), ECF No. [1], and Memorandum of Law in Support of the Petition ("Memorandum"), ECF No. [3]. Petitioner challenges the constitutionality of his conviction and sentence for burglary of a structure that was entered following his guilty plea. ECF Nos. [1], [3]. Specifically, Petitioner alleges that he was denied effective assistance of counsel because his lawyer advised him that the government's plea offer would not expire until the February 13, 2017 trial date, when, in fact, the offer expired at least ten days before that date. ECF Nos. [1] at 5, [3] at 4–7. On November 22, 2019, the Court issued a Show Cause Order requiring Respondent to file a response to the Petition. ECF No. [7]. Thereafter, Respondent filed its Response. ECF No. [9]. Respondent also filed an appendix of

---

[1] On November 10, 2020, this matter was referred to the undersigned for all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. ECF No. [13].

relevant documents and the pertinent transcripts in support of its Response. ECF Nos. [10], [11]. After a review of the Petition, the Memorandum, the Response, and all relevant authorities, and for the reasons stated below, the undersigned **RECOMMENDS** that the Petition be **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On September 23, 2016, Palm Beach County Deputies (hereinafter "law enforcement") received information that there were burglary suspects driving in and around a privately gated development in Palm City. ECF No. [10-1] at 8. Law enforcement located the vehicle in question, and observed two individuals leave the vehicle and go into the development's clubhouse. *Id.* A short time later, law enforcement observed two individuals come out of the clubhouse and enter the vehicle. *Id.* Law enforcement stopped the vehicle and Petitioner was identified as a passenger. *Id.* Inside the vehicle, law enforcement observed, in plain view, bolt cutters, a pry bar, and various other tools. *Id.* The driver of the vehicle stated that he was coming from Miami to help Petitioner find his girlfriend. *Id.* Petitioner said that he was lost and was trying to return to Miami. *Id.* The investigation revealed that the clubhouse door had been pried open, and that office drawers inside the clubhouse had been rifled through. *Id.* at 8–9. A cash register was also pried open. *Id.* The driver and Petitioner were arrested for burglary. *Id.*

On October 14, 2016, Petitioner was charged with burglary of a structure (Count 1); possession of burglary tools (Count 2); criminal mischief of $1,000.00 or more (Count 3); and burglary of a structure with damages over $1,000.00 (Count 5). *Id.* at 11–12. On October 31, 2016, the Office of the State Attorney for the Nineteenth Judicial Circuit of Florida (the "State") filed a Conditional Plea Offer which included, among other things, that it would recommend ten years' imprisonment if Petitioner pled "no contest as charged" (the "ten-year plea offer"). *Id.* at 13. The ten-year plea offer was provided to Petitioner's counsel at the time, Assistant Public

Defender Shane Manship ("Mr. Manship"). *Id.* at 13. The ten-year plea offer expired "at the first docket sounding." *Id.* A review of the state court's docket shows that the first docket sounding was scheduled for January 24, 2017. *Id.* at 5. The docket also reflects that on January 24, 2017, Petitioner made a motion to continue the trial, which was denied, and the trial sounding was reset for February 13, 2017. *Id.*

On February 1, 2017, Petitioner's retained private counsel, Mr. J.D. Lewis ("Mr. Lewis"), filed a Notice of Appearance. *Id.* at 16. However, the Public Defender's petition to withdraw was not granted until February 7, 2017. *Id.* at 17–19. On February 13, 2017, the second trial sounding, Petitioner entered a guilty plea as to Count V (the "Plea Hearing"). *Id.* at 20–26. Petitioner did not accept or plea to the ten-year plea offer; in fact, there was no agreement as to the sentencing. The only agreement between the State and Petitioner was that the State would dismiss the remaining counts. *Id.*

At the beginning of the Plea Hearing, Mr. Lewis informed the court that he was unaware of the "10-year offer in the case." ECF No. [11-1] at 4. Mr. Lewis also stated that Petitioner "says he was not [unaware]" although Mr. Lewis stated he had "heard a conflicting story about that." *Id.* Mr. Lewis then proceeded to advise the court that Petitioner would be pleading guilty to Count V without any agreement as to sentencing. *Id.*

The State responded that he spoke to Petitioner's prior counsel, Mr. Manship, "at length" about the ten-year plea offer which he stated had "expired 10 days ago"[2] and that Mr. Manship

---

[2] Although the State Attorney indicated at the Plea Hearing that the ten-year plea offer had expired ten days before (suggesting that the expiration was February 3, 2017), the record reflects that the ten-year plea offer actually expired on January 24, 2017, the date of the first trial sounding. ECF No. [10-1] at 13–14. However, whether the expiration date was January 24, 2017 or February 3, 2017, is not dispositive of the allegations in the Petition. Moreover, there is no dispute that the ten-year plea offer did not expire on February 13, 2017, the date that Petitioner contends Mr. Lewis told him was the expiration date.

3

assured him that he had conveyed "the issue" to Petitioner and that Petitioner "then retained Mr. Lewis." *Id.* at 5. Mr. Lewis also confirmed that he spoke to the Assistant State Attorney "last week on the matter." *Id.*

The court continued with the Plea Hearing and informed Petitioner that while the plea he was entering would dismiss certain charges and reduce his possible sentence by fifteen years, the remaining burglary charge still carried a minimum of 67.2 months and a maximum of thirty years of imprisonment. *Id.* at 6. The court confirmed that Petitioner understood and had been advised of the possible range of imprisonment. *Id.* at 10. There is no question, based on the record and the Petition, that Petitioner understood that he was pleading guilty without any agreement from the State as to the terms of incarceration that would be recommended to the court. Indeed, the Petition clarifies that Petitioner is not raising any issue with respect to the advice he was given concerning the plea that he entered on February 13, 2017. ECF No. [3] at 6. Petitioner also signed a plea form that reiterated the terms that the Court advised him of during the Plea Hearing. ECF No. [10-1] at 20–26. In the plea form, Petitioner confirmed that he discussed the case and the elements of the agreement with his attorney and that he was satisfied with the representation he had received. *Id.* at 24–25. On February 23, 2017, Petitioner was sentenced to fifteen years of imprisonment on Count 5; and Counts 1, 2, and 3 were dismissed. *Id.* at 27–31.

On September 28, 2017, Petitioner filed his Motion for Post-Conviction Relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which was dismissed by the Florida Circuit Court of the Nineteenth Judicial Circuit (the "state trial court") for being facially insufficient. *Id.* at 45, 51–53. On December 11, 2017, Petitioner filed his Amended Motion for Post-Conviction Relief which was also dismissed due to a lack of a proper oath. *Id.* at 55–61. Thereafter, the state trial court gave Petitioner one final opportunity to file his motion. *Id.* at 61.

On January 11, 2018, Petitioner filed a properly executed motion (the "Amended Motion") alleging that Mr. Lewis was ineffective by failing to advise him of the expiration date for the ten-year plea offer and instead told him that the ten-year plea offer could be "taken any time until the trial date" and to "take the time before trial to weigh out his options and possibly renegotiate his plea offer." *Id.* at 65. Petitioner outlined the four-part test set out in *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013), and argued that had he been properly advised of the expiration date, he would have: (1) accepted the ten-year plea offer; (2) the prosecutor would not have withdrawn it; (3) the court would have accepted it; (4) and his sentence would have been ten years of imprisonment which is less than the fifteen he was given. *Id.* at 66.

On March 26, 2018, the State filed its Response to Petitioner's Amended Motion. *Id.* at 69–75. In its Response, the State argued that although courts are entitled to accept a defendant's self-serving statement that he or she would have accepted a plea but for the advice of ineffective counsel, they are not precluded from rejecting such a claim. *Id.* at 74. Respondent relied on the record in the Plea Hearing to argue that Mr. Lewis was not aware of the plea offer's expiration, and that instead, the ten-year plea offer had been discussed at length with Mr. Manship, Petitioner's counsel at the time the offer was made, who conveyed the ten-year plea offer to Petitioner. *Id.* Respondent argued that Petitioner did not correct the Assistant State Attorney during the Plea Hearing despite his obligation to identify any inaccuracies during such kind of hearing. Finally, Respondent noted that even if Mr. Lewis had known the correct date that the ten-year plea offer expired, his appearance on behalf of Petitioner was after the expiration date such that Petitioner could not have accepted said offer at that time. *Id.*

On April 10, 2018, Petitioner filed his Reply. *Id.* at 77–87. In his Reply, Petitioner reiterated the allegations in his Amended Motion and noted that he was making one claim of

5

ineffective assistance of counsel. *Id.* Petitioner again claimed that Mr. Lewis failed to inform him that the ten-year plea offer had an expiration date. *Id.* at 80. Moreover, Petitioner also claimed that because he was unaware that the ten-year plea offer had an expiration date, he was not able to "inform the court of any inaccuracies in the plea [hearing]." [3] *Id.* at 82.

On March 26, 2019, the trial court denied Petitioner's Amended Motion on the merits, relying on the record at the Plea Hearing to find that Petitioner's prior counsel "conveyed the [ten-year plea offer] and its expiration to [Petitioner], and he chose to reject the [ten-year plea offer] and hire private counsel. *Id.* at 91. Specifically, the trial court relied on the transcript of the Plea Hearing where Mr. Lewis informed the court that he had been unaware of the ten-year plea offer. *Id.* at 90 (*citing* ECF No. [11-1] at 4). The state trial court found that the transcript indicated that Petitioner's prior counsel, Mr. Manship, spoke to Petitioner at length about the plea offer. ECF No. [10-1] at 91, 90 (*citing* ECF No. [11-1] at 5). Although the court incorrectly noted that Mr. Lewis had also discussed the issue with Petitioner's prior counsel, the court correctly noted that the State confirmed for the court that he had spoken to the Assistant Public Defender and that the Assistant Public Defender stated that he had discussed the ten-year offer with Petitioner. ECF No. [10-1] at 91. The trial court concluded that, based on the record before it, Petitioner was aware of the plea offer but chose to "reject the offer and hire private counsel." *Id.*

Moreover, the trial court also found that even if Mr. Lewis had told Petitioner about the ten-year plea offer, any attempt by Petitioner to accept it would have already been too late, as the ten-year plea offer had expired by the time that Mr. Lewis became the counsel of record. *Id.* The

---

[3] Petitioner's Reply suggests that he pled believing he was pleading guilty under the terms of the ten-year plea offer. ECF No. [10-1] at 83. Petitioner is not making this argument in the Petition, an argument that would be entirely unsupported given that the transcript of the Plea Hearing clearly shows that Petitioner knew he was not pleading guilty under any kind of agreement as to sentencing. ECF No. [11-1] at 6.

6

trial court, using February 3, 2017 as the date the ten-year plea offer expired, noted that Mr. Lewis did not become counsel of record until February 7, 2020. *Id*. at 90. Based on these findings, the trial court concluded that Petitioner had not met the legal standard either for an evidentiary hearing or for finding that his counsel was ineffective. *Id.*

On April 18, 2019, Petitioner filed an appeal with the Fourth District Court of Appeals. *Id.* at 93–94. On August 1, 2019, the appellate court affirmed the trial court's decision without a written opinion. *Id.* at 96 (*Casey v. State*, 278 So. 3d 43 (Fla. 4th DCA 2019)). On August 8, 2019, Petitioner moved for rehearing. *Id.* at 97–99. Petitioner's motion for rehearing was denied on September 10, 2019. *Id.* at 100. The Mandate was issued on September 27, 2019. *Id.* at 101. Petitioner filed the instant Petition on November 18, 2019. ECF No. [1].

## II.    ANALYSIS

Petitioner claims that his retained counsel, Mr. Lewis, rendered ineffective assistance of counsel by advising him that the ten-year plea offer would not expire until the February 13, 2017 trial date. ECF No. [3] at 6–7. Instead, Petitioner claims that Mr. Lewis advised him to take time before trial to "weigh out his options and that he could possibly renegotiate the offer." *Id.* at 7. Petitioner argues that Mr. Lewis should have better acquainted himself with the case and that if he had he would have been aware that the ten-year plea offer did not expire on February 13, 2017. *Id.* at 6–7. Petitioner argues that if he had known of the expiration date he would have accepted the ten-year plea offer, and that given that he was sentenced to fifteen years of imprisonment, he suffered prejudice as a result of Mr. Lewis' ineffective counsel. *Id.* at 7.

Respondent argues that Petitioner is actually making two separate arguments in support of his ineffective assistance argument: (1) that Mr. Lewis was ineffective because he did not advise him of the correct expiration date for the ten-year plea offer; and (2) that Mr. Lewis was ineffective

7

because, having stated that he was unaware of the plea offer, failed to check for "crucial deadlines." ECF No. [9] at 12.  As to the first argument, Respondent argues that the record supports the state trial court's decision because Mr. Lewis stated he was not aware of the ten-year plea offer and was not counsel of record while the offer was pending.  *Id*.  Notwithstanding the fact that Petitioner fails to state when the advice at issue was given, Respondent argues that if the advice was given before the ten-year plea offer expired, Petitioner's claim is unsupported by the record because Mr. Lewis told the court that he did not know of the ten-year plea offer.  *Id.* at 20–23.  Indeed, Petitioner said nothing to the contrary at the Plea Hearing.  *Id.*  In addition, if the advice was given after the ten-year plea offer expired, that advice cannot be deemed ineffective because there would have been no valid plea offer at that time.

As to what Respondent defines as Petitioner's second claim, that Mr. Lewis was ineffective because he failed to apprise himself of important deadlines, Respondent claims that that claim was only presented to the state court in the Reply to the Amended Motion, and as such, the issue was not before the state court, has not been exhausted, and should not be considered.  ECF No. [9] at 14.  Moreover, even if the Court were to consider the argument, Respondent argues that failing to apprise himself of the case and its deadlines was not ineffective given that counsel had just entered his appearance in the case and should not be expected to have known the case at the time he entered his appearance.  *Id.* at 24–25.

For the reasons noted below, the undersigned **RECOMMENDS** that the Petition be **DENIED**.  Although the Petition is timely and Petitioner properly exhausted his claim before the state court, Petitioner's contention that Mr. Lewis gave Petitioner the incorrect expiration date for the ten-year plea offer is, as the state trial court noted, undermined by the record in the case.  The state trial court's decision was well-reasoned and should not be disturbed.

8

### A. Threshold Issues

#### 1. Timeliness

Respondent concedes that the Petition is timely.  ECF No. [9] at 9; *see* 28 U.S.C. § 2244(d). Careful review of the procedural history of this case confirms that less than one year of un-tolled time passed after Petitioner's judgment became final and the filing of this federal habeas Petition. Specifically, the Fourth District Court of Appeals issued its Mandate on September 27, 2019, ECF No. [10-1] at 101, and this Petition was filed less than three months later, on November 18, 2019. As such, the Petition is timely.

#### 2. Exhaustion

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging a state conviction.  *See* 28 U.S.C. § 2254(b), (c). To properly exhaust state remedies, a petitioner must fairly present every issue raised in his or her federal petition to the state's highest court, either on direct appeal or on collateral review.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456–59 (11th Cir. 2015).

The Petition's contention that Mr. Lewis was ineffective in advising him of an incorrect deadline for the ten-year plea offer was raised before the state court.  ECF No. [10-1] at 65–67, 80–86.  Respondent does not contest that this argument has been exhausted, and the undersigned agrees.

However, as noted above, Respondent argues that Petitioner failed to exhaust his state court remedies as to his claim that his counsel was ineffective for failing to check for deadlines because that claim had not been fairly presented in Florida courts.  ECF No. [9] at 14.  Specifically, Respondent contends that Petitioner first alluded to this claim in his Reply to the Amended Motion

9

where he stated that "[Mr. Lewis] can be deemed ineffective for failing to acquaint himself with all pertinent matters of [Petitioner's] plea…." ECF No. [9] at 14; *see* ECF [10-1] at 83. Respondent argues that Petitioner's inclusion of this claim in the Reply was not sufficient, and therefore, his claim was not exhausted and should not be considered in federal habeas proceedings. ECF No. [9] at 14–15.

The undersigned disagrees with Respondent that the Petition is making a second claim for ineffective assistance. Rather, the undersigned reads the Petition as making the same claim that was made to the state court: that Mr. Lewis was ineffective in advising him that the ten-year plea offer expired on February 13, 2017, when in fact the offer had already expired on January 24, 2017. The argument that Mr. Lewis should have better apprised himself of the matter before entering an appearance is simply part of the first argument, not a separate ground for relief.

In so concluding, the undersigned relies on the Petition itself which only notes one ground for ineffective assistance of counsel. ECF No. [1] at 5. In addition, although the courts should construe *pro se* arguments liberally, the Petition and Memorandum here is not unclear. Indeed, the Memorandum argues that:

> [r]ecord evidence of Mr. Lewis testifying on February 13, 2017, proves he had not acquainted himself with the essential elements of the case pertinent to protecting the Petitioner's liberty because he stated that when he took the case he was unaware of the 10 year plea offer due to expire on February 3, 2017. However, as the Petitioner alleged in his postconviction motion once Mr. Lewis was advised of the State's offer he told the Petitioner that the 10 year offer was available up until the February 13, 2017 trial date and to [take] the time before trial to weigh out his options and that he could possibly renegotiate the offer.

ECF No. [3] at 4–5. The Memorandum then goes on to state that Mr. Lewis' advice was deficient because:

> Mr. Lewis failed to check for pending deadlines when first hired and for advising that the 10 year offer was available up until trial and telling the

10

> Petitioner to take the time before trial…to weigh out his options and [that] he could possibly renegotiate the offer.

*Id.* at 6–7.  In short, Petitioner's argument is that Mr. Lewis told him that the plea expired on February 13, 2017, a statement that was not only wrong, but is one that Mr. Lewis should have known was wrong if he had apprised himself of the matter before entering his appearance.

To read the Petition as Respondent proposes would be to accept that Petitioner is arguing that his lawyer was ineffective both because he told him that the plea did not expire until February 13, 2017 (which was inaccurate), and because he did not (as the record of the Plea Hearing reflects) know there was a plea offer when he entered his appearance in the case.  To be sure, as Respondent notes, the two are mutually exclusive: either his lawyer conveyed the plea with the incorrect expiration date or his lawyer was unaware that there was a ten-year plea offer.  ECF No. [9] at 12.  Petitioner cannot have it both ways.

Nevertheless, if Petitioner is claiming a second ground for ineffective assistance, that Mr. Lewis was ineffective because he was unaware of the ten-year plea offer at the time he entered his appearance, that argument was not properly raised before the state court, has not been exhausted, and cannot now be considered by this Court.  A petitioner's claim is not properly exhausted if raised, after the respondent served its answer, for the first time in petitioner's reply.  *See Johnson v. Sec'y Fla. Dep't of Corr.*, 18-62487-CV, 2020 WL 4454856, at *5 (S.D. Fla. July 10, 2020), *report and recommendation adopted*, 18-CV-62487, 2020 WL 4451023 (S.D. Fla. Aug. 2, 2020) ("traverse is not proper pleading to raise additional grounds for relief; in order for state to be properly advised of additional claims, they should be raised in amended petition or statement of additional claim") (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).  Indeed, for the reasons noted by Respondent, if Petitioner wanted to make such claim now, his time to file

a timely post-conviction motion has expired. Petitioner has failed to make any showing of cause or prejudice to excuse the procedural default as to this argument; therefore, that argument is barred.

However, the undersigned's reading of the Petition before this Court is that it makes one claim: that Mr. Lewis was ineffective in advising Petitioner that the ten-year plea offer would not expire until February 13, 2017. Advice that, if given, was not only incorrect but was advice that Mr. Lewis should have known was incorrect had he apprised himself of the case before entering his appearance. In short, there is only one argument being presented and it is the same one that was made in the Amended Motion. Given the undersigned's reading of the Petition, the Petition's single claim has been exhausted and is properly before the Court.

### B. Standard of Review

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016), *cert. den'd,* 137 S. Ct. 1432 (2017). AEDPA ensures that federal habeas corpus relief works to "guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011). This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 420 (2014).

Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *see also Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011). To review a federal habeas corpus claim, the district court must first identify the last state court decision, if any, that adjudicated the merits of the claim. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court is not required to issue an opinion explaining its rationale,

because even the summary rejection of a claim, without explanation, qualifies as an adjudication on the merits that warrants deference. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *see also Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Where the state court's adjudication on the merits is unaccompanied by an explanation, federal courts must "look through the unexplained decision to the last related state-court decision that does provide a rationale" and, "then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 U.S. 1188, 1192 (2018).

Where the claim was "adjudicated on the merits," in the state forum, § 2254(d) prohibits re-litigation of the claim unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or, (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 97–98. A state court's decision is "contrary to" established Supreme Court precedent when it: (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas corpus relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *Tharpe v. Warden*, 834 F.3d 1323, 1338 (11th Cir. 2016), *cert. den'd,* 137 S. Ct. 2298 (2017) (accord). In other words, if the last state court to

13

decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson*, 138 U.S. at 1192. As applied here, to the extent Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

Here, Petitioner raises a claim challenging counsel's effectiveness. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). When assessing counsel's performance under *Strickland*, the court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. A § 2254 petitioner must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. DOC*, 697 F.3d 1320, 1333–34 (11th Cir. 2012).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) her counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) she suffered prejudice resulting from that deficiency. *Strickland*, 466 U.S. at 687–88. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690–91. "Judicial scrutiny of counsel's performance must be highly deferential" because there are "countless ways to provide effective assistance in any given case." *Id.* at 689. Even the best criminal defense attorneys would not defend their client in the same ways. *Id.*

*Strickland's* two-part inquiry extends to ineffective assistance of counsel arising from the plea process. *Missouri v. Frye*, 566 U.S. 134, 138 (2012). In the context of a plea, a defendant, in order to establish prejudice:

> must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Osley v. United States*, F.3d 1214, 1222 (11th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 164). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697; *see also Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). "Where the highly deferential standards mandated by *Strickland* and the AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington*, 562 U.S. at 89).

### C. Petitioner's Claim

Petitioner alleges that he was denied effective assistance of counsel because Mr. Lewis advised him that the ten-year plea offer would not expire until February 13, 2017. ECF No. [3] at 5–7. Petitioner argues that Mr. Lewis advised Petitioner "to weigh out his options and that [Mr. Lewis] could possibly renegotiate the offer." *Id.* at 5. Petitioner argues that if Mr. Lewis had apprised himself of the deadlines in the case, Mr. Lewis would have known and would have conveyed the ten-year plea offer to him in time for Petitioner to have accepted it. *Id.* at 7.

15

As noted above, Petitioner's argument was presented to the state trial court and the state trial court denied Petitioner any relief. In making that finding the state trial court relied on *Strickland* and properly noted that in order to satisfy his burden, Petitioner would have to show that his attorney's conduct fell outside the range of reasonable professional assistance. *Id.* at 89. The state trial court concluded that Mr. Lewis's conduct did not fall outside that range because, on the record before it, Petitioner's prior counsel "conveyed the [ten-year offer] and its expiration to [Petitioner], and [Petitioner] chose to reject the [Plea Offer] and hire private counsel. ECF No. [10-1] at 91. The state trial court noted that the transcript of the Plea Hearing reflected that Mr. Lewis was unaware of the plea offer. *Id.* at 90. Moreover, the trial court maintained that, even if Mr. Lewis had told Petitioner about the ten-year plea offer, Petitioner's acceptance would have already been too late, as the ten-year plea offer had already expired by the time that Mr. Lewis entered his appearance. *Id*.

Petitioner's sole argument with respect to trial court's finding is that its reliance on the testimony of the Assistant State Attorney, Mr. Lustgarten, is "illogical and unreasonable." ECF No. [3] at 5. The undersigned disagrees. The statements of the prosecutor at the Plea Hearing were part of the court's record, and as such, the trial court was entitled to rely on them. Indeed, Mr. Lustgarten stated at the plea hearing, that it was Petitioner's prior counsel, Mr. Manship, that informed Petitioner about the ten-year plea offer. *Id*; *see also* ECF No. [11-1] at 5. These statements are also consistent with the record showing that Mr. Manship was counsel of record for the entire time that the ten-year plea offer was open. Instead, Petitioner rejects such testimony and claims that "it is not plausible that a criminal Defendant charged with a first-degree felony punishable by 30 years would hire an attorney and conceal a ten-year plea offer due to expire in a few days." ECF No. [3] at 5. This argument hardly meets the hefty burden Petitioner faces.

16

Although it might make little sense to keep information from one's counsel, it is equally unreasonable to assume that Petitioner would have known about the plea from his assigned public defender, a proposition that Petitioner does not dispute,[4] intended to have accepted it, and retained counsel simply to accept the plea. The undersigned does not find that trial court's reliance on the statements of the prosecutor to be unreasonable.[5]

The record upon which the state court relied included the statement of the Assistant State Attorney that the Assistant Public Defender "assured [him] that he had conveyed [the ten-year offer] to [Petitioner]." ECF No. [11-1] at 5. Notably, while Mr. Lustgarten was making these assertions, Petitioner made no attempt to correct any of these statements, nor did he make any statements in response to Mr. Lewis' claim that he was unaware of the plea. *Id.* at 6. "A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case." *Scheele v. State*, 953 So. 2d 782,

---

[4] Interestingly, the Petition does not allege when Mr. Lewis' advice was given or whether the Assistant Public Defender also failed to advise him of the correct deadline to accept the offer. To be sure, *if* Mr. Lewis had contradicted the information given to him by the Assistance Public Defender regarding the expiration of the ten-year plea offer while the plea offer was still valid, the Court might be looking at an entirely different petition. *See Bauder v. Dept. of Corr. State of Florida*, 619 F.3d 1272, 1274 (11th Cir. 2010) (affirming the district court's finding that counsel's affirmative mis-advice to defendant constituted deficient performance under *Strickland*); *see also Cooper v. United States*, 660 Fed. Appx. 730, 735 (11th Cir. 2016) (holding counsel ineffective for providing defendant with advice on a plea, even before he entered a formal appearance in the case). However, that is not the Petition before the Court. Before the Court is the claim that Mr. Lewis gave Petitioner the wrong deadline for the ten-year offer, a claim that the state trial court found was undermined and unsupported by the record.

[5] Although the undersigned has already found that Mr. Lewis' failure to know of the plea offer when he entered the case is not a separate issue before this Court, the record would amply support a denied of such a claim if it were properly made given the findings of the state trial court. Indeed, the trial court found that the plea offer was extended and expired before Mr. Lewis was counsel of record. As such, the fact that Mr. Lewis did not know about the ten-year plea offer when he appeared, an offer that was no longer valid, did not amount to ineffective assistance of counsel. ECF No. [10-1] at 91.

785 (Fla. 4th DCA 2007); *see also Kelley v. State of Ala.*, 636 F.2d 1082, 1084 (5th Cir. 1981) (where the court "[did] not find petitioner's evidence worthy of belief" when, after the plea hearing and after petitioner said he understood what was occurring, he tried to argue that he didn't actually understand what was transpiring at the time of the plea). Indeed, the trial court asked whether everything it went over with Petitioner was consistent with Petitioner's "understanding of the situation and the conversations [he] had with [his] attorney," and Petitioner responded, "[y]es, sir." ECF No. [11-1] at 9. Further, Petitioner even affirmed the statement on his plea form: "I am satisfied with the representation I have received from my attorney." ECF No. [10-1] at 24. As such, the state court's conclusion denying Petitioner's after-the-fact claim that Mr. Lewis misinformed him of the expiration of the ten-year plea offer is entirely reasonable. Petitioner cannot now claim that his and Mr. Lewis' representations at the plea hearing were untruthful. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *see also Kelley*, 636 F.2d at 1084.

In short, Petitioner's allegations here are clearly refuted by the record and devoid of merit. Consequently, the rejection of this claim in the Rule 3.850 proceeding was not contrary to or an unreasonable application of controlling federal constitutional principles. *Williams v. Taylor, supra.* Petitioner's "after the fact" suggestion that he would have accepted the state's plea offer had he been properly advised is not only belied by the record, but purely speculative. *See Freeman v. United States,* 2018 WL 6318358, at *11 (*citing Tejeda v. Dugger,* 941 F.2d 1551, 1558-59 (11th Cir. 1991)). Nothing in the record supports a finding that Petitioner was misadvised by counsel as to the ten-year plea offer. Petitioner has not met his burden of proof, having failed to demonstrate that counsel's purported deficiencies resulted in prejudice under *Strickland.* Therefore, relief is not warranted on this claim, and the rejection of the claim in the state forum should not be disturbed

here. *Williams*, 529 U.S. at 405–06, 410. Therefore, the undersigned **RECOMMENDS** that the Petition be **DENIED**.

### III.   EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on a petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1319 (11th Cir. 2016), *cert. den'd*, 137 S. Ct. 2245 (2017). The pertinent facts of the Petition are fully developed in the record before this Court. Because this Court can "adequately assess [Petitioner's] claim without further factual development," an evidentiary hearing is not warranted here. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. den'd*, 541 U.S. 1034 (2004).

### IV.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court has rejected a claim on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge pursuant to the Objections section below.

### V.     CONCLUSION

Based upon the foregoing, it is recommended that:

1. the federal habeas petition be **DENIED**;

2. a certificate of appealability be **DENIED**; and,

3. the case be **CLOSED**.

### VI.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE** and **ORDERED** this 2nd day of December 2020.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE